ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 MAY -9 PM 2: 23

CLERK OF COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| MARGARITA AGUILAR, Individually, | § | |
| as Heir-At-Law and Personal | § | |
| Representative of the Estate of Harry | § | |
| Wilson Aguilar, Sr. a/k/a/ Enrique Aguilar, | § | |
| Deceased, and HARRY AGUILAR, JR., | § | |
| ESMERALDA SCHWARTZ, and | § | |
| JUANITA RAMOS, Individually, and | § | |
| as Heirs-At-Law of the Deceased, | § | Case No. 4:12-CV-70-A |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | § | |

## DEFENDANT UNITED STATES OF AMERICA'S
## REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

Defendant United States of America ("United States") files this Reply Brief in support of

its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) [Dkt. #7, Apr. 5,

2012] ("Motion to Dismiss"), replying to the Response Brief [Dkt. #10, Apr. 25, 2012] ("Resp.

Br.") of Plaintiffs Margarita Aguilar, Harry Aguilar, Jr., Esmeralda Schwartz, and Juanita Ramos

(collectively, "Plaintiffs") and would respectfully show the Court as follows:

## I.    Introduction

Plaintiffs have failed to meet their burden to show that they exhausted their

administrative remedies such that the Court now has subject-matter jurisdiction over their claims.

In fact, Plaintiffs admit many of the deficiencies in their purported initial administrative claim

and, in part, rely upon a recent, improper, and putative amendment to their purported initial

administrative claim.  Further, Plaintiffs have made no showing of any duty the United States

had to correct any deficiencies in Plaintiffs' purported initial administrative claim. And finally,

Plaintiffs still cannot show that, should the Court determine it has subject-matter jurisdiction over Margarita Aguilar's purported administrative claim, Harry Aguilar, Jr., Esmeralda Schwartz, and Juanita Ramos are proper individual parties to this action. Accordingly, the United States respectfully requests the Court dismiss this entire action for lack of subject-matter jurisdiction.[1]

## II.   Plaintiffs Failed to Include a Sum Certain in their Purported August 13, 2010 Administrative Claim and Thus Have Not Exhausted their Administrative Remedies

In their Response Brief, Plaintiffs do not dispute that they failed to include a sum certain in their purported administrative claim of August 13, 2010 ("August 13 Letter") (Resp. Br. at 2-4). Instead, Plaintiffs claim that either the August 13 Letter "substantially complies" with the sum certain requirement of the Federal Tort Claims Act ("FTCA") or that the August 13 Letter, in combination with a purported amendment of the August 13 Letter, dated April 19, 2012 ("April 19 Letter"), satisfies the sum certain requirement of the FTCA (Resp. Br. at 3-4; Appendix in Support of Resp. Br. [Dkt. #11, Apr. 25, 2012] ("P.Appx."), Exhibit 2 at 7-10).

As covered in the Motion to Dismiss, the Federal Tort Claims Act is a limited waiver of the United States' sovereign immunity, to be construed narrowly in favor of the United States (Motion to Dismiss at 5-6). *United States v. Orleans*, 425 U.S. 807, 813 (1976); *Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999). In order to avail oneself of the FTCA's waiver, a claimant must first file a valid administrative claim with the relevant agency. *See* 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a); *Wardsworth v. United States*, 721 F.2d 503, 505 (5th Cir. 1983). And only administrative claims containing, among other things, a "sum certain" or dollar value are valid administrative claims (Motion to Dismiss at 6-10). *See Adams v. United States*, 615

---

[1]   Another issue raised in the Motion to Dismiss, Plaintiffs' service-of-process deficiencies in the instant case, appears to have been addressed (Motion to Dismiss at 16-17). Plaintiffs have now served the United States Attorney for the Northern District of Texas properly. Assuming Plaintiffs are capable of proving proper service on the United States Attorney General, the United States withdraws any service-of-process objections.

F.2d 284, 289 (5th Cir. 1980), *clarified* 622 F.2d 197 (5th Cir. 1980).[2] Plaintiffs do not dispute that a valid administrative claim must contain a sum certain (Resp. Br. at 2).

But the August 13 Letter included no such sum certain or monetary claim. Plaintiffs argue that pursuant to *Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984), the August 13 Letter contained "an inventory of items for which recovery was sought" and thus should qualify as a valid claim (Resp. Br. at 3). Plaintiffs admit, though, the August 13 Letter did not contain an invoice indicating the amount of the purported claim, thereby distinguishing this case from the facts and cases cited in *Martinez* (*Id.*). *See Martinez*, 728 F.2d at 697 (making clear, by discussing cases, that the requirements for valid administrative claims include notice to the federal government of a claim amount).[3]

Plaintiffs also argue, in another section of their Response Brief, that the administrative-settlement-of-claims framework is not supposed to function like a regulatory checklist, which, if not fully observed, permits termination of claims (Resp. Br. at 5). And while the Fifth Circuit has indeed been lenient when it has considered whether certain notices and filings with the relevant agencies constituted administrative claims under the FTCA, Plaintiffs have cited no case where a court in the Fifth Circuit accepted or approved a claimant's complete failure to include a sum certain or dollar value with his or her claim during the two-year statute of limitations period.

---

[2] *Wardsworth*, 721 F.2d at 506; *Montoya v. United States*, 841 F.2d 102, 104-05 (5th Cir. 1988); *see also* 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a).

[3] The *Martinez* Court stated in full:

> On the other hand, in this circuit substantial compliance with the [timely-presentation-of-a-claim] requirement has been liberally construed, so that the absence of a formal statement of a sum certain in the claim has not defeated court jurisdiction of the claim, for example, where the government had actually been apprised of the amount sought by a prior state court suit, *Williams* [*v. United States*, 693 F.2d 555, 558 (5th Cir. 1982)], where the attorney's letter included an invoice and inventory of items for which recovery was sought, *Crow* [*v. United States*, 631 F.2d 28, 30 (5th Cir. 1980)], or where the attorney's initial letter to the agency included medical bills and repair estimates (including some for expenses unrelated to and in excess of the claim), *Molinar v. United States*, 515 F.2d 246, 247, 249 (5th Cir. 1975).

*Martinez*, 728 F.2d at 697.

**Defendant's Reply Brief in Support of its Motion to Dismiss – Page 3**

On the contrary, the timely inclusion of a sum certain in an administrative claim is critical to filing a valid administrative claim. *See Wardsworth*, 721 F.2d at 506.[4] The inclusion of a sum certain is not a mere procedural nicety; instead, the inclusion of a sum certain is a jurisdictional prerequisite to filing a valid administrative claim and, if necessary, filing a lawsuit based on the denial of that valid administrative claim. *See Martinez*, 728 F.3d at 697; *see also* 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a); *Wardsworth*, 721 F.2d at 506 ("The sum certain requirement fulfills important statutory goals. It enables agency administrators to determine whether they have authority to settle claims under 28 U.S.C. § 2672 and contributes to efficient handling of claims by agencies.") (citations omitted).[5]

Because "[a] federal court's power to adjudicate a tort claim brought against the United States depends solely on whether the claimant has previously complied with the minimal requirements of the statute," and Plaintiffs have not complied with those requirements, substantially or otherwise, the United States respectfully requests the Court dismiss Plaintiffs' lawsuit for lack of subject-matter jurisdiction. *Adams*, 615 F.2d at 292 (citing 28 U.S.C. § 2675).

## III.   Plaintiffs' Purported Amended Administrative Claim Fails for Several Reasons

Plaintiffs also attempt to buttress their purported initial administrative claim, the August 13 Letter, by claiming that a new letter, the April 19 Letter, sent during the pendency of this

---

[4]   *See also Montoya*, 841 F.2d at 104-05; *Bryan v. Stevens, et al.*, 169 F.Supp.2d 676, 686-87 (S.D. Tex. 2001) (dismissing the case and reasoning, in part, "[Counsel's letter] states only that '[a]s a direct an [sic] proximate result of [Bryan's] injuries, [he] has, as of date of this notice, sustained the following damages: medical bills, including doctors, hospital, and drug expenses, together with past, present, and future pain, suffering, and mental anguish.' The letter does not attempt to place a dollar value on Bryan's claim.")

[5]   Plaintiffs also intimate that their August 13 Letter lacks a sum certain because their damages were or are unliquidated (Response Br. at 3). Even if Plaintiffs' statement is to be believed, Plaintiffs have not explained why unliquidated damages would excuse them from failing to supply the required sum certain. *See* 28 U.S.C. §§ 2675(a) & (b); 28 C.F.R. § 14.2(a). Plaintiffs had a statutory mechanism for making an initial claim in a sum certain and updating that claim if necessary. *See* 28 U.S.C. § 2675(b); *Dickerson ex rel. Dickerson v. United States*, 280 F.3d 470, 475-77 (5th Cir. 2002) (discussing the test for whether a damage claim can be increased from the amount claimed administratively); *Wardsworth*, 721 F.2d at 506 (citing the mechanisms available for updating an initially-claimed sum certain).

**Defendant's Reply Brief in Support of its Motion to Dismiss – Page 4**

Motion to Dismiss, amends the August 13 Letter to include a stated sum certain (Resp. Br. at 3-4). As discussed below, Plaintiffs' purported amendment of the August 13 Letter fails for several reasons.

### A. Plaintiffs' Lawsuit Forecloses Amendment of any Purported Claim

28 C.F.R. § 14.2(c), the regulation that governs amending administrative claims, does not allow the amendment of administrative claims after a claimant, pursuant to 28 U.S.C. § 2675(a), deems his or her claim denied due to the lack of an agency response and files suit. *See* 28 C.F.R. § 14.2(c) ("A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. § 2675(a)."); *see also Dickerson ex rel. Dickerson v. United States*, 280 F.3d 470, 477 n.6 (5th Cir. 2002) (noting, in this case in which lack of an agency response led plaintiffs to deem their claims denied and file suit, that plaintiffs "still could have amended their administrative claims after filing [with the agency] at any time *before* bringing suit pursuant to 28 C.F.R. § 14.2(c)") (emphasis added).[6] Other courts outside the Fifth Circuit have analyzed the amendment provisions of 28 C.F.R. § 14.2(c) and concluded that once a claimant files suit under the deemed-denial provision of 28 U.S.C. § 2675(a), a claimant cannot then amend his or her claim. *Woirhaye v. United States*, 609 F.2d 1303, 1305 (9th Cir. 1979)[7]; *Stokes v. United States Postal Serv.*, 937 F.Supp. 11, 16 (D.D.C. 1996).[8]

Here, Plaintiffs deemed their purported administrative claim denied when they did not

---

[6] *See also Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981) ("Section 2675 is more than a mere statement of procedural niceties. It requires that jurisdiction must exist at the time the complaint is filed.")

[7] The *Woirhaye* court stated, "[W]e interpret the reference in 28 C.F.R. § 14.2(b) [sic] to 'the claimant's option under 28 U.S.C. § 2675(a)' to mean that the amended claim must be filed before suit is commenced . . . ." *Woirhaye*, 609 F.2d at 1305.

[8] The *Stokes* court stated, "The filing of such a suit constitutes the exercise of claimant's option under 28 U.S.C. § 2675(a) to treat the claim as denied. By filing suit in May 1995 claimant exercised her option under Section 2675(a) to treat the claim as denied and she was therefore foreclosed from amending the claim." *Stokes*, 937 F.Supp. at 16 (citations omitted).



receive a response to the same from the United States (Complaint [Dkt. #1, Feb. 3, 2012] at 4-5).

Plaintiffs then exercised their option under 28 U.S.C. § 2675(a) to file the instant suit (*Id.*).

Pursuant to 28 C.F.R. § 14.2(c) and the above-cited case law, Plaintiffs cannot now seek to

amend their purported claim to include a sum certain.[9]  Accordingly, the United States

respectfully requests the Court decline to consider the April 19 Letter an amendment to any

purported administrative claim.

> **B.      Plaintiffs' Purported Amended Claim Cannot Relate Back to the Purported Initial Claim**

Plaintiffs also incorrectly claim their April 19 Letter can "relate back" to their August 13

Letter, thereby curing any defects in their purported administrative claim (Resp. Br. at 4).  Aside

from the deemed-denial amendment bar discussed above, courts, including the Fifth Circuit,

have concluded that a claimant's amended claim, filed outside the two-year limitations period for

all administrative claims, cannot relate back to the initial claim to cure the defective initial claim.

*See Wardsworth*, 721 F.2d at 505-06 (rejecting plaintiff's argument that her amended claim, filed

outside the two-year claim period, related back to her initial claim, which although filed within

the two-year claim period, was devoid of a sum certain).[10]

---

[9]  Although unclear from Plaintiffs' Response Brief, if Plaintiffs are claiming that their deemed denial does not constitute final agency action, that argument is likewise unavailing.  As above, the case law and regulations indicate one cannot amend an administrative claim after filing suit. And, by allowing claimants to continue to amend claims mid-lawsuit, Plaintiffs' argument would eviscerate the logic behind 28 C.F.R. § 14.2(c)'s claim amendment and jurisdictional provisions. *See Adams*, 615 F.2d at 289 ("However if the agency fails to act in 6 months, the claimant may at his option elect to regard this inaction as a final denial and proceed to file suit.") *quoting* S.Rep. No. 1327 at 8, *reprinted in* 1966 U.S.C.C.A.N. 2518; *Chwarzynski v. United States*, No. 93-C-1567, 1993 WL 424245, at *4, n.4 (N.D. Ill. 1993) (terming an agency's silence on an FTCA administrative claim for six months and a claimant's subsequent election to sue a "final" determination by the agency on the claim).

[10]  *See also Childers v. United States*, 442 F.2d 1299, 1303 (5th Cir. 1971) (noting that in cases where the sovereign has waived immunity, "suits filed thereunder must be filed in exact compliance with the terms of consent"); *Manko v. United States*, 830 F.2d 831, 841 (8th Cir. 1987) ("Section 2401(b) permits [amendments which add new claims or increase the amount of damages] for up to two years after the claim accrues, but, after that time, we think that Congress intended all claims already submitted to become final in their material respects."); *Schaffer by Schaffer v. A. O. Smith Corp.*, 36 F.3d 1097, 1994 WL 520853 at *5 (6th Cir. Sept. 21, 1994) (not selected for publication) (rejecting plaintiffs' argument that a letter, dated after the expiration of the two-year statute of limitations, and which included a sum certain, should be deemed as amending the original defective claim); *but see Thompson v. United*

Here, there cannot be a dispute that Plaintiffs sent the April 19 Letter outside of the two-year limitations period for their alleged claim. Mr. Harry Wilson Aguilar, Sr. died on October 23, 2008 (Complaint at 1). Plaintiffs did not send the April 19 Letter until April 19, 2012, well outside the two-year limitations period (P.Appx. at 7). And the April 19 Letter, sent over one-and-a-half years after August 13, 2010, the date of the August 13 Letter, was not a prompt amendment of the purported initial claim. Consequently, the April 19 Letter cannot relate back to the purported initial claim, the August 13 Letter.

### C.    Plaintiffs Improperly Presented their Purported Initial Claim and as such, Cannot Amend that Purported Claim

Plaintiffs have a third problem when relying upon their April 19 Letter to cure their deficient August 13 Letter: 28 C.F.R. § 14.2(c) does not allow a claim not properly presented in the first instance to be amended. 28 C.F.R. § 14.2(c) (controlling amendments to administrative claims and using the qualifying language of "[a] claim presented in compliance with paragraph (a) of this section . . . ."); *see Wardsworth*, 721 F.2d at 505 ("A claim may be amended, but significantly, the right to amend arises only as to a 'claim presented in compliance with [28 C.F.R. § 14.2(a)] . . . .' . . . Federal courts have repeatedly held that the sum certain requirement is a jurisdictional one and that it applies to 28 U.S.C. §§ 2401 and 2675.") (citations omitted); *Schaffer by Schaffer*, 36 F.3d 1097, 1994 WL 520853, at *5 (not selected for publication) (citations omitted).

Here, for each of the reasons stated above and in the Motion to Dismiss, Plaintiffs did not present their purported administrative claim, the August 13 Letter, in compliance with 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a) because that purported claim lacked a sum certain (Motion to

---

*States*, 749 F.Supp. 299, 300 (D.D.C. 1990) (allowing letter amendment of an already-valid claim one day after the expiration of the statute of limitations); *Apollo v. United States*, 451 F.Supp. 137, 137-39 (M.D. Pa. 1978) (allowing amendment of an administrative claim to include a larger sum certain, which did not use the phrase "in excess of," ten weeks after the expiration of the statute of limitations).

Dismiss at 6-10). Accordingly, Plaintiffs' purported amendment of their August 13 Letter by virtue of their April 19 Letter is invalid because the August 13 Letter itself was not properly presented.

**D.    Plaintiffs' April 19 Letter Cannot Stand on Its Own as an Administrative Claim because the Statute of Limitations Has Expired**

The Federal Tort Claims Act requires claimants to send their claim to the relevant federal agency within two years of the accrual of their claim. 28 U.S.C. § 2401(b); *see also Johnson v. United States*, 460 F.3d 616, 621-23 (5th Cir. 2006) (affirming dismissal of a case where the plaintiff filed her administrative claim with the relevant agency more than two years after the claim accrued). Here, Plaintiffs' purported claim accrued on October 23, 2008 (Complaint at 1). But Plaintiffs did not send the April 19 Letter until April 19, 2012. Thus, assuming the Court finds that Plaintiffs' April 19 Letter cannot be an amendment of the August 13 Letter, Plaintiffs' April 19 Letter cannot, on its own, be a valid administrative claim either because Plaintiffs have sent it outside the two-year statute of limitations period.

**IV.   The United States Had No Duty to Notify Margarita Aguilar of Deficiencies in Her Purported Administrative Claim**

Plaintiffs appear to raise the argument that the United States had some duty, implicit or otherwise, to notify Margarita Aguilar (or the other Plaintiffs) of the deficiencies in her purported administrative claim (Resp. Br. at 4-7). As explained in the Motion to Dismiss, no such duty exists (Motion to Dismiss at 14-16). And Plaintiffs do not cite any case law showing such a duty exists. Instead, they appear to rely on *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975), claiming that other United States agencies often point out "irregularities" with administrative claims (Resp. Br. at 4). But *Molinar* does not state that the United States has any duty to notify claimants of defects within their purported administrative claims. Accordingly,

the United States respectfully submits it had no duty to notify Plaintiffs of the defects in the August 13 Letter.[11]

## V.   Margarita Aguilar Cannot Now Add Other Family Members to Her Purported Administrative Claim

Assuming the Court finds that Margarita Aguilar has filed a valid administrative claim by virtue of the August 13 Letter, the Court will then need to analyze whether Harry Aguilar, Jr., Esmeralda Schwartz, and Juanita Ramos can be added to that claim. The April 19 Letter attempts to add Harry Aguilar, Jr., Esmeralda Schwartz, and Juanita Ramos as claimants to the purported administrative claim. But for all of the above reasons as to why Plaintiffs cannot amend the August 13 Letter, Harry Aguilar, Jr., Esmeralda Schwartz, and Juanita Ramos cannot be added to the instant suit by amendment of the purported administrative claim (*see also* Motion to Dismiss at 10-14).

Plaintiffs' argument that the August 13 Letter identified Margarita Aguilar as "an heir" rather than "the heir" and that such terminology implies that there were other heirs-at-law of the deceased is unavailing. An administrative claim must be filed by or on behalf of the "claimant." 28 U.S.C. § 2675(a); *see also McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989) (stating that a claimant must first present his or her claim to the agency, otherwise the district court does not have jurisdiction over the case). Here, the claimants in dispute on this limited issue are Harry Aguilar, Jr., Esmeralda Schwartz, and Juanita Ramos, individually. There can be no dispute that they did not file their own administrative claims.

Further, Plaintiffs' reliance on *Transco Leasing Corp. v. United States, et al.*, 896 F.2d 1435 (5th Cir. 1990), for the proposition that the addition of Harry Aguilar, Jr., Esmeralda

---

[11]   Plaintiffs' other cited case on this issue, *Erxleben v. United States*, 668 F.2d 268 (7th Cir. 1981), does not address any United States duty to cure a claim's defects, and indeed, even acknowledges more generally that "a separate claim notice submitted without a specific dollar amount is ineffective" (Response Br. at 5). *Erxleben*, 668 F.2d at 272, *abrogation recognized by Kanar v. United States*, 118 F.3d 527, 531 (7th Cir. 1997).

**Defendant's Reply Brief in Support of its Motion to Dismiss – Page 9**

Schwartz, and Juanita Ramos does not change the amount of the overall claim must fail (Resp. Br. at 5-7). In making this argument, Plaintiffs are relying on the April 19 Letter, the purported claim amendment, as establishing their claim of damages in excess of $2,000,000 (Resp. Br. at 3-4, 5-7; P.Appx. at 7-8). But as addressed above, this purported amendment is invalid. As such, Plaintiffs' argument that the claim amount is "not increase[d]" also fails; there was no claim amount in the August 13 Letter.

Finally, as in *Chickaway v. United States*, 823 F.Supp.2d 452, 455-57 (S.D. Miss. 2011), and in the Motion to Dismiss, to the extent the Court determines the August 13 Letter is a valid administrative claim, Harry Aguilar, Jr., Esmeralda Schwartz, and Juanita Ramos would still have an interest in the recovery of Harry Aguilar, Sr.'s estate.[12] But these same individuals cannot be individual plaintiffs here because they never made an administrative claim (Motion to Dismiss at 13). Thus, to the extent any cause of action here is brought by Harry Aguilar, Jr., Esmeralda Schwartz, and Juanita Ramos as individuals (in the case style, each plaintiff is identified as an individual plaintiff as well as an heir-at-law), the United States respectfully requests the Court dismiss the same. Conversely, for the purposes of the Motion to Dismiss, to the extent any cause of action within the Complaint is a properly-filed claim by the personal representative of the estate of Harry Aguilar, Sr., and the Court has determined that such claim is valid after considering the jurisdictional issues covered above and in the Motion to Dismiss, the United States makes no request that such a proper claim be dismissed.

## VI.  Conclusion

For the foregoing reasons and the reasons stated in the Motion to Dismiss, the United States respectfully requests the Court dismiss this case for lack of subject-matter jurisdiction.

---

[12]  *See also* TEX. CIV. PRAC. & REM. CODE § 71.001, *et seq.*

**Defendant's Reply Brief in Support of its Motion to Dismiss – Page 10**

Dated May 9, 2012.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

Colin D. Speaker
Assistant United States Attorney
Texas Bar No. 24060642
Burnett Plaza, Suite 1700
801 Cherry Street, Unit 4
Fort Worth, Texas 76102-6882
Telephone:  817.252.5286
Facsimile 817.252.5458
colin.speaker@usdoj.gov

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2012, I served Plaintiffs' counsel with the foregoing reply brief by certified mail, return receipt requested, as follows:

*Via CM-RRR #7010-1060-0001-7184-0875*
Danny D. Burns
115 N. Henderson St.
Fort Worth, Texas 76102

*Via CM-RRR #7010-1060-0001-7184-0868*
John H. Read, II, P.C.
900 N. Zang Blvd.
Dallas, Texas 75208-4242

Colin D. Speaker
Assistant United States Attorney