U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 2 5 2012

CLERK, U.S. DISTRICT COURT
By_____
                Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MARGARITA AGUILAR, ET AL.,          §
                                    §
        Plaintiffs,                 §
                                    §
VS.                                 §    NO. 4:12-CV-070-A
                                    §
UNITED STATES OF AMERICA,           §
                                    §
        Defendant.                  §


MEMORANDUM OPINION
and
ORDER

        After having considered the motion filed by United States of

America on April 5, 2012, to dismiss the above-captioned action

for want of subject matter jurisdiction, plaintiffs' response

thereto, and the government's reply, the court has concluded that

such motion should be denied.

I.

Nature of Plaintiffs' Claims, and Events
Related to Plaintiffs' FTCA Administrative Claim

A.    Claims Made in This Action

        This action was instituted on February 3, 2012, by the

filing of a complaint by Margarita Aguilar ("Margarita"), as the

surviving spouse of Harry Wilson Aguilar, Sr. ("Aguilar, Sr."),

deceased, and heir-at-law and personal representative of the

estate of Aguilar, Sr.; Harry Aguilar, Jr. ("Aguilar, Jr.");

Esmeralda Schwartz ("Schwartz"); and Juanita Ramos ("Ramos").
Aguilar, Jr., Schwartz, and Ramos are the surviving children of
Aguilar, Sr.  Plaintiffs alleged that through the negligent
conduct of an agent of the Bureau of Alcohol, Tobacco, Firearms
and Explosives ("ATF") Aguilar, Sr. was wrongfully killed.
According to the allegations of the complaint, at approximately
5:30 a.m. on October 23, 2008, ATF and FBI agents broke open the
front door of the apartment occupied by Aguilar, Sr., Aguilar,
Jr., and other members of his family and that, just as the agents
went through the doorway, an ATF agent shot and killed Aguilar,
Sr. without provocation.

Plaintiffs plead for recovery of damages resulting from the
wrongful death of Aguilar, Sr., consisting of $180,960.00 in loss
of earnings, $2,880.00 as reasonable and necessary burial and
funeral expenses incurred by Aguilar, Sr.'s estate, $1,000,000.00
as damages suffered by Margarita by reason of the loss of her
husband, and $500,000.00 as damages suffered by Aguilar, Jr.,
Schwartz, and Ramos by reason of the loss of their father.

Plaintiffs alleged that they had filed an administrative
claim for settlement with the United States Department of Justice
in August 2010, and that when the United States Department of
Justice had failed by March 3, 2011, to act on the claim,

2

plaintiffs elected to consider the failure to act as a final denial of the claim.

B.   Authority Under Texas Law for the Bringing of the
     Wrongful Death and Survival Causes of Action

Section 71.002 of the Texas Civil Practice and Remedies Code authorizes the bringing of an action for recovery of damages caused by an individual's wrongful death.  Such an action is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.   Tex. Civ. Prac. & Rem. Code § 71.004(a).  The surviving spouse or children may bring the action, or any one of them may bring the action for the benefit of all.  Id. § 71.004(b).  A survival cause of action is authorized by § 71.021 of the Texas Civil Practice and Remedies Code, which provides that a cause of action for personal injury does not abate because of the death of the injured person, but survives to, and in favor of, the heirs, legal representatives, and estate of the injured person.

C.   Plaintiffs' Administrative Claim

Section 2675(a) of Title 28 of the United States Code creates as conditions precedent to the bringing of a tort claim against the federal government for recovery of money damages for death caused by the negligent or wrongful act or omission of an employee of the government that the claimant first present the

3

claim to the appropriate federal agency and that the agency finally deny the claim. The statute further provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a). Section 2675(b) provides that no tort claim brought under § 2675 shall be "instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency . . . ." Id., § 2675(b).

In August 2010, an attorney acting on behalf of Margarita submitted a claim on her behalf individually, as an heir-at-law, and as personal representative of the estate of Aguilar, Sr. in the form of a letter directed to the Attorney General of the United States and the United States Department of Justice, the Department of which the ATF and FBI both are a part. She informed the government by her letter of the following facts, and made the following claim:

> This letter is to notify you that Margarita
> Aguilar, the widow of Harry Wilson Aguilar, Sr. a/k/a
> Enrique Aguilar (DOB ███████1953), makes a claim under
> the Federal Tort Claims Act for the wrongful death of
> her husband.

On October 23, 2008, agents from the Federal
Bureau of Investigation ("FBI") and Bureau of Alcohol,
Tobacco, Firearms and Explosives ("ATF"), served an
arrest warrant for Harry Aguilar, Jr. (DOB: ████████1973)
at 3115 E. Park Row #266, City of Arlington, County of
Tarrant, Texas.  The agents knocked down the front door
to the apartment and thereupon an unidentified agent
with ATF immediately shot and killed Harry Wilson
Aguilar, Sr., who was standing in the kitchen making
school lunches for his grandchildren.  Mr. Aguilar
posed no imminent threat to the safety of law
enforcement personnel.

Mrs. Aguilar brings this claim individually, as an
heir-at- law, and as personal representative of the
estate of Harry Wilson Aguilar, who died intestate.
She seeks damages for his wrongful death, including
funeral and burial expenses, loss of future wage
earning capacity, loss of consortium, and bystander's
claim for mental anguish.

Mrs. Aguilar's tort claim arises or results from
the negligent or wrongful act or omission of an
employee of the Government while acting within the
scope of his office of employment.

Mot., App. at 6.

By the time this action was filed in February 2012, the

government had not provided any response to the claim made by the

August 2010 letter.  Between the date of Aguilar, Sr.'s death and

the filing of this action, legal counsel for Aguilar, Sr.'s

survivors twice requested under the Federal Freedom of

Information Act all records relating or pertaining to the

shooting death of Aguilar, Sr. in October 2008.  The government

chose not to respond to either of those requests, the first of

which was made in December 2008, and the second of which was made
in March 2010.  Resp., App. at Tabs 3 & 4.

After learning from the government's motion to dismiss that
the government maintained that the August 2010 claim was
defective because of not specifying a dollar amount claimed and
because of failure to identify the three surviving children of
Aguilar, Sr., on April 19, 2012, counsel for plaintiffs directed
another letter to the Attorney General of the United States and
the United States Department of Justice informing the agencies
involved that the damages sought by the plaintiffs are in excess
of $2,000,000.00 and adding to the text of their claim the names
of Aguilar, Sr.'s children.  Id. at Tab 2.

II.

## The Grounds of the Motion to Dismiss

The government moved for dismissal on three separate
grounds:  First, the government maintained that the court lacks
jurisdiction because plaintiffs' August 2010 letter making known
their tort claim against the government did not include a "sum
certain" that they claimed as damages caused by the death of
Aguilar, Sr.  Second, the government asserted in its motion to
dismiss that "t]he August 13 letter makes no claim on behalf of
the 'three adult children' of Aguilar, Sr., namely Harry Aguilar,
Jr., Esmeralda Schwartz and Juanita Ramos . . . ."  Mot. at 10.

6

The third ground for dismissal alleged in the motion is that the
United States of America was not properly served with process.

### III.

### Analysis

The court has concluded for the reasons stated below that
the highly technical grounds assigned by the government for
dismissal of plaintiffs claims are without merit.

A.   Failure to Give a "Sum Certain" in the August 2010
     Claim

The "sum certain" requirement is a creature of regulation,
rather than language contained in the statutory requirements for
the making of a tort claim against the government.  See
Wardsworth v. United States, 721 F.2d 503, 505 (5th Cir. 1983).
Nevertheless, federal courts, including the Fifth Circuit, have
treated the "sum certain" requirement as jurisdictional.  See,
e.g., id.  However, the Fifth Circuit has been flexible in its
application of the requirement.  See Williams v. United States,
693 F.2d 555, 558 (5th Cir. 1982); Molinar v. United States, 515
F.2d 246, 249-50 (5th Cir. 1975).

The claim made on behalf of the plaintiffs in this action in
August 2010 could not have been more specific in describing the
nature of the damages sought--"damages for his wrongful death,
including funeral and burial expenses, loss of future wage

7

earning capacity, loss of consortium, and bystander's claim for mental anguish." Mot., App. at 6. In other words, the letter informed the government that the claim was for the damages to which the Texas wrongful death statute beneficiaries were entitled and to which Aguilar, Sr.'s estate was entitled under the Texas survival statute. Of course, there was no means by which the plaintiffs accurately could have defined a "sum certain" for the damages they suffered by reason of Aguilar, Sr.'s death.

The attorney who sent the claim letter undoubtedly did not include a statement of a "sum certain" claimed because the statute that required the filing of such a claim made no such requirement. 28 U.S.C. § 2675(a). A reader of § 2675 in its entirety could, and perhaps should, infer from the language of § 2675(b) that the dollar amount claimed should be included in the claim, but the court can understand how an attorney could readily overlook the inference to be drawn from § 2675(b) in submitting the claim.

Perhaps the government had no obligation to respond to the August 2010 claim letter or to indicate in any manner to the claimant that it was going to take the position that the claim was technically inadequate because of failing to state a "sum certain." However, under any sense of fairness, the government

8

should have alerted the attorney to the fact that the government would take the position that the claim was inadequate because of failure to state a "sum certain" rather than to lie behind the log until after the plaintiffs filed in this court their federal tort claim action on the assumption that they had complied with the statutory administrative claim requirement.  The ease, and dispatch, with which any absence of "sum certain" in the August 2010 claim letter could have been resolved is evidenced by the speed with which counsel for plaintiffs provided the amended claim letter on April 19, 2012, in which the government was informed that the damages described in the letter are in excess of $2,000,000.00.  Resp., App., Tab 2.

The court has concluded that plaintiffs' administrative transmittals to the United States Attorney General and the United States Department of Justice satisfied the prerequisites for the filing of an effective federal tort administrative claim, and that to the extent that there might initially have been a technical inadequacy, it was corrected by the April 19, 2012 amended letter.

B.   The Failure to Include the Names of the Children in the August 2010 Claim Letter

The government's complaint that the children were not named in the August 2010 claim letter overlooks the fact that under

9

Texas law the assertion of a wrongful death claim by any beneficiary of the wrongful death statute, such as the surviving spouse, can constitute a claim for the benefit of all of the wrongful death beneficiaries, including the children of the deceased.  Tex. Civ. Prac. & Rem. Code § 71.004(b).  Any one of the statutory beneficiaries can pursue the claim on behalf of the others.  See Avila v. St. Luke's Lutheran Hosp., 948 S.W.2d 841, 850 (Tex. App.--San Antonio 1997, writ denied).  Indeed, all the statutory wrongful death beneficiaries are necessary parties to a wrongful death action under Texas law.  See Universal Transp. & Distrib. Co. v. Cantu, 84 S.W.2d 327, 329 (Tex. Civ. App. 1935, writ ref'd).

Considering the status of Texas wrongful death law, the August 2010 claim letter adequately informed the government that the damages being sought were on behalf of all the wrongful death statute beneficiaries, Margarita and Aguilar, Sr.'s three children.  The three children necessarily would have been parties to any court action brought by Margarita absent a resolution of the claim at the administrative level.  Obviously, the government and its attorneys knew that the claims of the children were implicated by the claim letter, and would have to be resolved as part of any administrative resolution of the wrongful death claim.  Of course, the children were named in the amended claim.

C.    <u>Inadequacy of the Service of Process</u>

The court interprets the comment made in the government's reply brief as an abandonment of the ground of the motion to dismiss based on inadequacy of service of process.  Reply Br. at 10.  Therefore, the court is not devoting further attention to that ground of the motion.

IV.

<u>Conclusion</u>

For the reasons given above, the court has concluded that it has jurisdiction over the claims asserted by the plaintiffs in the above-captioned action, and that, consequently, the government's motion to dismiss should be denied.

Therefore,

The court ORDERS that the motion filed in the above-captioned action on April 5, 2012, titled "Defendant United States of America's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)" be, and is hereby, denied.

SIGNED June 25, 2012.

_____
JOHN McBRYDE
United States District Judge